IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALICIA LAW,

    Plaintiff,

vs.                                      Case No.:

EVERGLADES COLLEGE, INC.
d/b/a KEISER UNIVERSITY,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Alicia Law, by and through her undersigned attorney, sues Defendant, Everglades College, Inc. d/b/a Keiser University, and alleges as follows.

**JURISDICTION AND VENUE**

1. The Court has subject-matter jurisdiction over this action in accordance with 28 U.S.C. § 1331 and 1441(b).

2. Venue is proper in the United States District Court for the Middle District of Florida in accordance with 28 U.S.C. § 1391 and 31 U.S.C. § 3732(a). The Defendants transact business within this district and the acts proscribed by the applicable statutes occurred within this District.

**PARTIES**

3. Plaintiff Alicia Law ("Law" or "Plaintiff") resides in Tarpon Springs,

1

Pinellas County, Florida.

4. Defendant, Everglades College, Inc. d/b/a Keiser University ("Kaiser" or "Defendant"), is a Florida not-for-profit corporation, authorized to conduct business in Pasco County, Florida.

## FACTUAL ALLEGATIONS

5. From February 2019 through September 29, 2020, Law worked for Keiser at its New Port Richey, Florida campus as a professor in the business department.

6. From the outset of Law's employment, administrators and colleagues in the business department created a hostile work environment and discriminated against Law and other female colleagues because of their sex.

7. For example, on one occasion Campus President, Mr. Chuck Gibbons, instructed Law not to speak to a female colleague who was also subjected to harassment because he did not like "useless gossip" spreading around campus. Keiser administrators also routinely ignored and downplayed the accomplishments of female faculty members while highlighting those of the male faculty.

8. Additionally, although Keiser initially hired Law as a full time professor, the President originally treated her as an adjunct. After she complained, Keiser reclassified Law's employment as Full Time 30, meaning she was paid for 30 hours of work per week. Law regularly worked many more hours than that. And

throughout Law's employment, she had the same workload, taught the same number of classes, and had the same level of education, as her male colleague in the business department, Dr. Dushant Ghosi. Keiser, however, classified Dr. Ghosi, as a Full Time 40, meaning that he was paid for 40 hours of work per week. As a Full Time 40, Keiser paid Dr. Ghosi $12,000 per year more than they paid Law despite their identical workloads.

9. On several occasions, Law raised concerns with Keiser administrators (including the Associate Dean, Dr. Christopher Abreau) about the pay disparity between herself and Dr. Ghosi. Her efforts to address this issue were typically ignored, and she was simply told (incorrectly) that she did not work as many hours Dr. Ghosi. In one meeting when Law again brought up the pay disparity between herself and her male colleague, a Dean discussed possibly "changing my status," which Law took as a threat to convert her to an adjunct professor.

10. In September 2020, Law was instructed to attend a series of meetings by Keiser administrators. On or about September 24, 2020, in a meeting with Mr. Gibbons, Law asked why as a Full Time 30 she was expected to attend all of the same meetings as her colleague Dr. Ghosi, a Full Time 40. Law again objected to the pay disparity between herself and her male colleague despite their identical workloads.

11. On several occasions during her employment, Law sent information

3

about discrimination and a hostile work environment to Keiser's Human Resources Department. Law was told that if things did not improve, they would consider transferring her to another campus.

12. Working for Keiser, Law also learned that the school markets extensively to members and veterans of the United States military. Accordingly, most of her students were military members and veterans, with the United States paying their tuition.

13. The United States will only pay tuition for military members and veterans if certain conditions are met. Specifically, the student must meet certain attendance and grade requirements. If the student does not meet certain attendance and grade thresholds, the United States will not pay the costs of the student's tuition. Additionally, Keiser will not receive any payments from the United States for military students who do not pass and ultimately drop out.

14. Dr. Shah Jamali ("Jamali") supervised Law and served as the Business Program Director at Keiser. In his role as the Business Program Director, Jamali routinely instructed Law to alter the attendance records and inflate the grades of military and veteran students to keep them enrolled and to obtain tuition payments from the United States.

15. For example, in Law's first quarter, a student and military veteran had a poor attendance record and low grades. Law met with the student near the end of

the quarter and told him that he was at risk of failing the class. The student objected and told Law that she had to give him a passing grade. When Law informed the student that she would not give him a grade he did not earn, he responded that she must because "Keiser is a pay-for-play college."

16.     At the end of the quarter, the student had earned a failing grade, which Law entered into the Keiser's grading system. Jamali, who reviews the grades for students in the business department met with Law and demanded that she fill out a grade change form to change his grade from an F to a D. Law refused, but Jamali continued to insist that she pass the student. Law repeatedly refused to change the student's grade.

17.     Finally, Jamali himself completed a grade change form which he provided to the Dean. After Law objected to the grade change and informed the Dean that it would be illegal, he declined to change the grade to pass.

18.     During her employment, however, Law learned that Keiser routinely altered the attendance records and routinely inflated grades of military and veteran students to obtain tuition payments from the United States.

19.     Law objected to Keiser's practice of altering attendance and grade records, and on several occasions raised the issue with the Campus President, Chuck Gibbons ("Gibbons") and other Keiser administrators. Gibbons and the other Keiser administrators refused to address the issue and continued the practice.

20. Ultimately, in September 2020, after Law's repeated objections to Keiser's policy of altering attendance and grade records, Keiser terminated her employment, purportedly for "insubordination."

## COUNT I
## TITLE VII - GENDER DISCRIMINATION

21. Law realleges and readopts the allegations of paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

22. Law is a member of a protected class under Title VII of the Civil Rights Act.

23. By the conduct described above, Keiser engaged in unlawful employment practices and discriminated against Law on account of her gender in violation of Title VII of the Civil Rights Act.

24. Keiser knew, or should have known, of the discrimination.

25. As a result of Keiser's unlawful discrimination, Law has suffered and will continue to suffer damages.

**WHEREFORE,** Law prays for judgment against Keiser and for the following damages:

  a. Back pay and benefits;

  b. Interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages (including for emotional pain and suffering);

  e. Punitive damages;

  f. Injunctive relief;

  g. Attorneys' fees and costs; and

  h. For any other relief this Court deems just and equitable.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – GENDER DISCRIMINATION

26. Law realleges and readopts the allegations of paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

27. Law is a member of a protected class under the Florida Civil Rights Act ("FCRA"), Section 760.01, *Florida Statutes, et seq.*

28. By the conduct described above, Keiser engaged in unlawful employment practices and discriminated against Law on account of her gender in violation of the FCRA.

29. Keiser knew, or should have known, of the discrimination.

30. As a result of said Keiser's unlawful discrimination, Law has suffered and will continue to suffer damages.

**WHEREFORE,** Law prays for judgment against Keiser for the following damages:

  a. Back pay and benefits;

  b. Interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages (including for emotional pain and suffering);

  e. Punitive damages;

  f. Injunctive relief;

  g. Attorneys' fees and costs; and

  h. For any other relief this Court deems just and equitable.

## COUNT III
## EQUAL PAY ACT

31. Law realleges and readopts the allegations of paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

32. Law and male counterparts in the business department at Keiser had identical job duties and responsibilities, taught the same number of classes under identical working conditions, and had the same levels of education.

33. Although Law and her male counterparts had performed the same job under similar working conditions, Keiser paid her male counterparts significantly more.

34. The above-described failure to pay employees of the opposite sexes the same amount for the same work violates the Equal Pay Act, 29 U.S.C. § 606(d), *et seq*.

35. As a result of Keiser's violation of the Equal Pay Act, Law has suffered and continues to suffer damages.

WHEREFORE, Law demands judgment Keiser for the following damages:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages;

    e.    Pecuniary and non-pecuniary losses;

    f.    Costs and attorney's fees;

    g.    Liquidated damages; and

    h.    For any other relief this Court deems just and equitable.

## COUNT IV
## TITLE VII - RETALIATION

36. Law realleges and readopts the allegations of paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

37. Law suffered an adverse employment action for opposing an employment practice made unlawful by Title VII.

38. The above-described acts of retaliation constitute a violation of Title VII, 42 U.S.C. § 2000, *et seq*.

39. As a result of Keiser's unlawful retaliation, LAW has suffered and continues to suffer damages.

WHEREFORE, Law demands judgment Keiser for the following damages:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages;

    e.    Pecuniary and non-pecuniary losses;

    f.    Costs and attorney's fees;

    g.    Punitive damages; and

    h.    For any other relief this Court deems just and equitable.

## COUNT 5V
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – RETALIATION

40. Law realleges and readopts the allegations of paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

41. Law is a member of a protected class under the FCRA, Section 760.01, *et seq., Florida Statutes.*

42. By the conduct described above, Keiser engaged in unlawful employment practices and discriminated against Law on account of her race, namely, African American, in violation of the FCRA.

43. Law suffered an adverse employment action for opposing an employment practice made unlawful by the FCRA.

44. The above-described acts of retaliation constitute a violation of the FCRA for which Keiser is liable.

45. As a result of Keiser's unlawful retaliation, Law has suffered and

continues to suffer damages.

WHEREFORE, Law prays for the following damages against Keiser:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages, including emotional pain and suffering;

    e.    Other non-pecuniary losses;

    f.    Reinstatement;

    g.    Punitive damages;

    h.    Attorney's fees and costs; and

    i.    For such other relief this Court deems just and equitable.

## COUNT VI
## TITLE VII – HOSTILE WORK ENVIRONMENT

46.    Law realleges and readopts the allegations of paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

47.    Law is a member of a protected class under Title VII of the Civil Rights Act.

48.    By the conduct described above, Keiser engaged in unlawful employment practices and created a hostile work environment for Law on account of her gender.

49. Keiser knew, or should have known, of the hostile work environment and harassment.

50. Keiser's actions were intentional or encouraged in an environment where sexual harassment and hostile work environments were common and tolerated.

51. As a result of said Keiser's unlawful discrimination, Law has suffered and will continue to suffer damages.

**WHEREFORE,** Law prays for judgment against Keiser for the following damages:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages (including for emotional pain and suffering);

    e. Punitive damages;

    f. Injunctive relief;

    g. Attorneys' fees and costs; and

    h. For any other relief this Court deems just and equitable.

### COUNT VII
### FLORIDA CIVIL RIGHTS ACT ("FCRA") – HOSTILE WORK ENVIRONMENT

52. Law realleges and readopts the allegations of paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

53. Law is a member of a protected class under the Florida Civil Rights Act ("FCRA"), Section 760.01, *Florida Statutes, et seq.*

54. By the conduct described above, Keiser engaged in unlawful employment practices and created a hostile work environment for Law on account of her gender.

55. Keiser knew, or should have known, of the hostile work environment and harassment.

56. Keiser's actions were intentional or encouraged in an environment where sexual harassment and hostile work environments were common and tolerated.

57. As a result of said Keiser's unlawful discrimination, Law has suffered and will continue to suffer damages.

**WHEREFORE,** Law prays for judgment against Keiser for the following damages:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages (including for emotional pain and suffering);

      e.      Punitive damages;

      f.      Injunctive relief;

      g.      Attorneys' fees and costs; and

      h.      For any other relief this Court deems just and equitable.

## COUNT VIII
## VIOLATION OF THE FALSE CLAIMS ACT, 31 U.S.C. § 3730(h)(1)

58. Law realleges and readopts the allegations of paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

59. Law took lawful actions to prevent Keiser from submitting false claims and in furtherance of a False Claims Act action. Specifically, Law objected to Keiser's policy of altering attendance and grade records material to the United States' payment of tuition funds for military and veteran students and refused to make such changes when asked.

60. Knowing of Law's complaints about Keiser's improper practice of altering attendance and grade records, Keiser took retaliatory actions and terminated Law's employment.

61. By virtue of Keiser's retaliatory actions, Law has suffered damages.

WHEREFORE, Law requests that this Court grant the following relief:

      a.      Judgment against Keiser for twice the amount of her back pay, together with special damages and compensatory damages, including mental anguish damages, sustained as a result of the retaliation;

b. Reinstatement into her position with the seniority that she would have earned had the retaliation described above not occurred, or alternatively front pay;

c. All costs incurred, along with reasonable attorneys' fees;

d. Prejudgment interest; and

e. Any other relief both at law and at equity that this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

62. Law requests a jury trial on all issues so triable, with respect to the terms and conditions of her employment.

Dated July 14, 2021.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Scott L. Terry*
**SCOTT L. TERRY, ESQUIRE**
Florida Bar No.: 77105
Primary:     scott@fgbolaw.com
Secondary:  gina@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
Primary:     wolfgang@fgbolaw.com
Secondary:  tina@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

*Trial Attorneys for Plaintiff*

15